[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks to recover for personal injuries he incurred on January 18, 1998 when he was stabbed by the defendant.
The defendant admits the stabbing but claims he acted in self defense only after being assaulted by the plaintiff.
There being no witnesses to the encounter, the court is left to determine which version of the event to believe and must look to inconsistencies in the testimony and statements to come to a conclusion.
Of note, is the plaintiff's testimony that after he was stabbed, the defendant attempted to stab him again in the course of which he received cuts on his hand and a cut on the shoulder before he wrestled the knife from the defendant. This testimony is contradicted by statements the plaintiff made to emergency personnel to the effect that he pulled the knife out of his chest himself.
The plaintiff is also reported to have told the defendant's wife that, on the night in question, he was out to kill the defendant. Also, the physical characteristics of these parties is significant. The plaintiff is well over six feet tall, weighs over 200 pounds and is well muscled. The CT Page 16687 defendant is five feet, three inches tall and at the time weighed 120 pounds. The defendant had no record till arrested for this stabbing, while the plaintiff has a prior conviction, was involved in drug activity, and was court ordered into an anger management program.
On these facts, the court cannot find that the plaintiff has sustained his burden of proof.
The court concludes that the defendant's recitation of events is the more plausible and that his recourse to the use of a deadly weapon was dictated by the disparity in size, weight and physical strength of the parties. The court finds the defendant acted reasonably under the circumstances and that he acted in self defense, having reason to believe his life and safety was in jeopardy and that he had to resort to the use of the knife to protect himself.
Judgment may enter for the defendant.
Anthony V. DeMayo Judge Trial Referee